IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOSEPH E. STEVENS,

    Plaintiff,

v.                                                             Civil Action No. 3:12cv489

EXPRESS LAURENT BEAULIEU INC., *et al.*,

    Defendants.

## REPORT AND RECOMMENDATION

This matter comes before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) for a Report and Recommendation on the Petition for Approval of Wrongful Death Compromised Settlement, Including Amount and Manner of Distribution to Infant Beneficiary ("Petition"). (ECF No. 14.) For the following reasons, the Court recommends that the District Court find the Petition to be fair, reasonable, just, and in the interests of the parties, and recommends that it be accepted pursuant to Virginia Code §§ 8.01-55 and 8.01-424.

Virginia Code § 8.01-424 grants the court where the matter is pending the "power to approve and confirm a compromise of the matters in controversy" on behalf of a party under a disability. Va. Code § 8.01-424(A). Virginia Code § 8.01-55 permits "the personal representative of the deceased" to "compromise any claim to damages arising under or by virtue of § 8.01-50 . . . after an action is brought, with the approval of the court in which the action was brought . . . ." Va. Code § 8.01-55.

Here, Plaintiff Joseph E. Stevens, Administrator of the Estate of Lionardo Suarez-Reina, deceased, brought suit against Express Laurent Beaulieu Inc. and Laurent Beaulieu alleging the deceased died as a result of an accident involving Defendants that occurred January 29, 2011.

Stevens, on behalf of the Estate, and Defendants entered into this compromise agreement to resolve the matters in controversy.

Having had oral hearing as to the settlement and having reviewed the Petition, Defendants' Response, the proposed order of compromise, the Beneficiaries' affidavits agreeing to the proposed settlement distribution, the report of the guardian *ad litem*, and confirming that the guardian *ad litem* spoke to beneficiary Leoannia Suarez-Gonzalez to confirm her agreement to the settlement, (ECF Nos. 13, 14, 17), this Court, for the reasons stated from the bench, finds it to be a fair and reasonable resolution of the controversy and in the best interests of the parties and statutory beneficiaries.

On April 23, 2013, the parties and beneficiaries appeared, by counsel, in court, through their executed affidavits of consent, and through their signatures on the Order Approving Wrongful Death Compromised Settlement, Including Amount and Manner of Distribution to Infant Beneficiary, and confirmed their agreement to the terms reviewed by the Court.

Beneficiary Leoannia Suarez-Gonzalez resides in Cuba. The guardian *ad litem*, in open court, reported the conversation she had, via translator, with Ms. Suarez-Gonzalez in which Ms. Suarez-Gonzalez confirmed her assent to the settlement. Counsel for Plaintiff and the guardian *ad litem* also reported conversations with siblings in which Mr. Suarez-Gonzalez confirmed her understanding and agreement with the settlement. A copy of a witnessed statement by Ms. Suarez-Gonzalez has been placed in the record, in Spanish and in English.[1] Given the difficulties of conducting business between Cuba and the United States, the Court finds that this effort amply satisfies the dictates of Virginia Code § 8.01-55.

---

[1] As stated during the hearing, Plaintiff will timely file the original statement by Leoannia Suarez-Gonzalez upon receipt.

Accordingly, it is hereby RECOMMENDED that the District Court APPROVE the Petition. The Court RECOMMENDS DISMISSING this action WITH PREJUDICE.

Pursuant to the agreed terms of the settlement, the Court RECOMMENDS approving the guardian *ad litem* fees in the amount of $1,428.50 and RECOMMENDS ORDERING Defendants to pay the *guardian ad litem* fees pursuant to the parties' agreement.

The parties are ADVISED that they may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. Failure to so file will result in a waiver of any objections to this report.

Let the Clerk send copies of this Report and Recommendation to counsel of record and the Honorable Robert E. Payne.

It is so ORDERED.

/s/ MHL
M. Hannah Lauck
United States Magistrate Judge

Date: 4-25-13
Richmond, Virginia